974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra YORK, Defendant-Appellant.
 No. 91-5755.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Debra York was convicted by a jury of possession of cocaine with intent to distribute and using and carrying firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). She appeals her conviction of the firearms charge. She contends (1) that the district court erred in refusing to instruct the jury that it must find that defendant used each of the three firearms charged in the indictment in relation to the drug offense; and (2) that the evidence was insufficient to support the jury's verdict on the firearms charge.
 
 I.
 
 2
 Police officers, pursuant to a valid warrant, searched defendant's residence on February 7, 1990. They found defendant in her bedroom lying on her bed with a quantity of cocaine. A search of the bedroom disclosed various articles of drug paraphernalia consistent with cocaine distribution: a set of balancing scales, baggies, razor blades, a bag of inositol, and a bag containing some 86 grams of cocaine. The police also found three firearms in the bedroom: a .32 caliber handgun in the nightstand alongside the bed, a .357 magnum pistol inside a clothes hamper against the wall and opposite the foot of the bed, and a .44 magnum handgun hanging in the closet, an arm's length away from the bed. Each of the guns was loaded.
 
 II.
 
 3
 Defendant first contends that the district court erred in refusing to instruct the jury that in order to convict on the firearms charge, it had to find that the defendant had used each of the three firearms in relation to the possession with intent to distribute offense. Defendant relies on United States v. Theodoropoulos, 866 F.2d 587 (3d Cir.1989), in which the Third Circuit vacated the defendant's conviction on a § 924(c) charge. In Theodoropoulos, the police found four firearms at the defendant's residence, one inside the house in plain view, and three in a trash can on the front porch. The court determined that the evidence was sufficient to conclude that the gun found inside the house was used in relation to the underlying drug trafficking offense, but held that, as a matter of law, the evidence was insufficient for the jury to find that the three firearms found on the porch were used in relation to the drug offense. The three guns found on the porch were simply too far removed from the "scene of the crime" in that court's view. Because no special verdict form was used, the Third Circuit concluded that the jury might have convicted the defendant based on one of the three weapons found on the front porch. Accordingly, the court vacated the conviction on the firearms charge.
 
 
 4
 The defendant's reliance on Theodoropoulos is misplaced. Here, the police found each of the three weapons in the same room as the cocaine paraphernalia and within a short distance of the defendant. Accordingly, the jury could have reasonably found that defendant "used" any one, or two, or all of the three guns in connection with the drug offense. In this regard, we note that the test in the Sixth Circuit for determining whether there is a nexus between a firearm and a drug trafficking offense is less restrictive than the test used by the Third Circuit in Theodoropoulos. In the Sixth Circuit, the government need only prove that the defendant had "ready access" to weapons with which he secured or enforced his transactions. United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied 493 U.S. 899 (1989) ("We hold that "uses" and "carries"[1] should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions").
 
 III.
 
 5
 Defendant next contends that the evidence was insufficient to support the jury's verdict on the firearms charge. "In a criminal case, the standard of review for claims of insufficient evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 6
 In addition to reading the language of § 924(c) broadly, the Sixth Circuit has adopted the "fortress theory," which holds "that if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime." United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989). Here, each weapon was loaded and within several steps of the bed where the police found the defendant. Based on this evidence, the jury could have found, beyond a reasonable doubt, that defendant had "ready access" to all three of the guns. The jury could have also found, beyond a reasonable doubt, that the purpose of the weapons was to protect the defendant's cocaine and her money, and/or to otherwise facilitate her drug transactions.
 
 IV.
 
 7
 For the foregoing reasons, we AFFIRM defendant's conviction.
 
 
 
 *
 Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 18 U.S.C. § 924(c) provides, in relevant part: "Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years" (emphasis added)